**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24 B 14358 |
| CALVIN ALEXANDER GRANT, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| CALVIN ALEXANDER GRANT, | ) | |
| | ) | |
| | ) | Adv. No. 25 A 133 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge David D. Cleary |
| CITIBANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Calvin Alexander Grant ("Plaintiff") filed an adversary proceeding against Citibank, N.A. ("Defendant").  In his amended complaint ("Amended Complaint"), Plaintiff sought relief on four causes of action: 1) objection to a claim pursuant to 11 U.S.C. § 502, 2) tortious interference with business relations, 3) breach of contract, and 4) equitable relief pursuant to 11 U.S.C. § 105.  Defendant filed a motion to dismiss ("Motion") on all four counts of the Amended Complaint. Plaintiff filed a response ("Response") in opposition to the Motion, and Defendants filed a reply ("Reply") and a memorandum in support ("Memorandum") of their Motion.

Having reviewed the papers submitted and considered the arguments of the parties, the court will grant Defendant's Motion.

1

## I.   BACKGROUND

Defendant requests dismissal of the Amended Complaint in this adversary proceeding (the "Adversary Proceeding") pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Bankruptcy Procedure. In resolving a motion to dismiss under both sections of Rule 12, the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010); *see also Mieling v. Norkar Techs., Inc.*, 176 F. Supp. 2d 817, 818-19 (N.D. Ill. 2001) ("In reviewing a 12(b)(1) motion, the court must view the facts alleged in the complaint and any inferences therefrom in the light most favorable to the plaintiff.")  Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion.  *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).  For purposes of deciding this motion, the court accepts well-pleaded allegations from the Amended Complaint as true and takes judicial notice of papers filed on the docket for this proceeding as well as in the bankruptcy case filed by Plaintiff.

On September 27, 2024, Plaintiff filed for relief under chapter 11 of the Bankruptcy Code, commencing case number 24 B 14358 (the "Bankruptcy Case").  On December 18, 2024, the court entered an order converting the Bankruptcy Case to a chapter 7 case.

Plaintiff did not list his claims against Defendant in his original Schedule A/B. On April 16, 2025, Plaintiff filed Amended Schedules A/B listing "potential claim against Citibank N.A. for breach of contract and tortious interference, not yet filed." *See* Bankr. Dkt. No. 67. [1]  That same day, Plaintiff commenced this Adversary Proceeding against Defendant.

---

[1] "Bankr. Dkt. No. []" shall refer to the docket in Debtor's bankruptcy case and the corresponding docket entry number.

On June 9, 2025, the Bankruptcy Case was closed without a discharge, and the chapter 7 trustee was discharged.  Plaintiff filed a motion to reopen the Bankruptcy Case for the limited purpose of filing a certificate of completion and to obtain a discharge. Bankr. Dkt. No. 80.  On July 9, 2025, the court entered an order granting Plaintiff's motion.

The next day, the court entered a discharge order for Plaintiff and, on June 14, 2025, the Bankruptcy Case was closed.

## II.   DISCUSSION

### A.  Counts I and IV – Plaintiff cannot object to a claim that was never filed

Count I of the Amended Complaint is framed as an "Objection to Claim."  The Amended Complaint states that "to the extent Defendant has filed or intends to file a proof of claim in this bankruptcy case," Plaintiff objects pursuant to 11 U.S.C. § 502. Adv. Dkt. No. 14.[2]  Count IV requests injunctive relief and equitable relief under 11 U.S.C. § 105, including disallowance or subordination of Defendant's claim. *Id*.

In its Motion, Defendant argues that Counts I and IV are "unripe, moot, and non-justiciable" and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the court lacks subject matter jurisdiction over those claims. Adv. Dkt. No. 18, p. 6.

"Ripeness is predicated on the 'central perception … that courts should not render decisions absent a genuine need to resolve a real dispute.'" *Wisc. Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) (quoting *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir.1992)).  A case is unripe when the dispute is based on "hypothetical, speculative, or illusory as opposed to actual, concrete conflicts." *Id*.  Defendant contends that the cause of action is unripe because Defendant has not filed a proof of claim in the Bankruptcy Case, making Plaintiff's objection and request

---

[2] "Adv. Dkt. No. []" shall refer to the docket in this adversary proceeding and corresponding docket entry number.

for disallowance a hypothetical, speculative, and illusory conflict. Adv. Dkt. No. 18, p. 7.  No claim exists on the bankruptcy court docket and the case is closed.

Plaintiff's objection is moot because no claim was filed for Plaintiff to object to.  Mootness is a constitutional doctrine designed to discourage the issuance of advisory opinions. *Trinity 83 Dev., LLC v. ColFin Midwest Funding, LLC*, 917 F.3d 599, 601-02 (7th Cir. 2019).  "A claim becomes moot 'when it is impossible for a court to grant any effectual relief.'" *Gill v. Linnabary*, 63 F.4th 609, 613 (7th Cir. 2023) (quoting *Watkins v. United States Dist. Ct. for the Cent. Dist. of Illinois*, 37 F.4th 453, 457 (7th Cir. 2022)).  Once a claim becomes moot, federal courts lose jurisdiction. *Aslin v. Fin. Indus. Regul. Auth., Inc.*, 704 F.3d 475, 477 (7th Cir. 2013).  Defendant argues that because it never filed a claim and the Bankruptcy Case is now closed, Plaintiff's objection and claims for equitable relief are moot. Adv. Dkt. No. 18, p. 8.  Plaintiff's objection to a claim that was never filed is moot.

Finally, Defendant argues that because Counts I and IV are unripe and moot, those claims are non-justiciable and should be dismissed for lack of subject matter jurisdiction. *Id.*  Plaintiff's claims are unripe and moot, thus the court lacks subject matter jurisdiction over those claims pursuant to Fed. R. Civ. P. 12(b)(1).  For the reasons stated above, the court will grant Defendant's Motion as to Counts I and IV and those claims are dismissed. [3]

---

[3] Even if Count IV was ripe, the Seventh Circuit has held that the power conferred by 11 U.S.C. § 105 "does not create discretion to set aside the Code's rules." *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004); see also *In re J Publ'n Co.*, 656 B.R. 221, 225 (Bankr. N.D. Ill. 2023) ("Section 105(a) does not generally provide a stand-alone ground for relief but is limited to situations in which it is invoked in aid of statutory rights and obligations found elsewhere in the Code.").

### B.  Counts II and III – Tortious Interference and Breach of Contract

#### 1.  Res Judicata and Collateral Estoppel bar the relitigation of Plaintiff's common law claims

Defendant argues that Plaintiff's claims in Counts II and III are barred by the doctrines of res judicata and collateral estoppel. Adv. Dkt. No. 18, p. 8.  It contends that because the Cook County Circuit Court in Illinois entered an order ("Turnover Order") requiring Defendant to turnover funds from Plaintiff's bank account to a judgment creditor, a final judgment was entered on the matter which has preclusive effect. *Id.* at 8-9.

The doctrine of res judicata, or claim preclusion, bars subsequent actions between two parties, or their privies, on the same cause of action when a final judgment on the merits has been rendered by a court of competent jurisdiction. *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014).  A state court judgment's preclusive effect in a subsequent federal lawsuit is governed by the full faith and credit clause, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

"Because the prior judgment is from an Illinois state court, Illinois preclusion principles apply." *Rose v. Bd. of Election Comm'rs for City of Chicago*, 815 F.3d 372, 374 (7th Cir. 2016). Under Illinois law, claim preclusion has three requirements: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of the parties or their privies." *Id*.  "[S]eparate claims are considered the same cause of action if 'they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" *Id*. (quoting *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079–80 (7th Cir.2011)).  Claim preclusion applies to

5

matters that could have been decided as much as it does to matters that were actually decided in the original action. *Walczak*, 739 F.3d at 1017.

In this case, all three requirements of claim preclusion are satisfied. First, both parties concede that a judgment was entered in the Cook County Circuit Court ordering Defendant to transfer certain funds from Plaintiff's bank account to his judgment creditor. *See* Adv. Dkt. No. 14, p. 3; Adv. Dkt. No. 18, p. 8. In this proceeding, Plaintiff asserts a tortious interference with business relations claim and breach of contract claim on the same set of facts, based on enforcement of the citation. Adv. Dkt. No. 14, p. 5-6. In his Response, Plaintiff argues that he is "not barred from pursuing claims on the same operative facts but asserting distinct legal theories." Adv. Dkt. No. 21, p. 5. Plaintiff clearly misunderstood the law because the case law is clear that claim preclusion bars relitigating a claim on different theories. *Rose*, 815 F.3d at 375; *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079-80 (7th Cir. 2011). Therefore, the second requirement is satisfied because the state court cause of action and this adversary proceeding arise from the same group of operative facts. The final requirement is satisfied because both Plaintiff and Defendant were parties in the state court case.

Collateral estoppel, or issue preclusion, "generally prevents a party from relitigating an issue the party has previously litigated and lost." *Donald v. Polk Cnty.*, 836 F.2d 376, 381 (7th Cir. 1988). The Seventh Circuit articulated a four-element test to determine whether issue preclusion applies:

> (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action.

*Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).  The standard for issue

preclusion is narrower than that for claim preclusion.

It is unclear from the parties' filings whether the issue is the same or if it was *actually*

litigated in the prior litigation.  It appears that the underlying issue in this proceeding is whether

Defendant's freezing of Plaintiff's business bank account amid his divorce proceeding was

proper.  Plaintiff argues that the freeze on his bank account was based on an 'improper citation'

to discover assets because the account contained business assets, not personal assets. Adv. Dkt.

No. 14, p. 5-6.  Defendant argues that the propriety of the citation to discover assets was already

litigated in state court and that those proceedings ended with a final order that found that the

funds in Plaintiff's business account were reachable because he made personal use of the

account. Adv. Dkt. No. 17, p. 2.

Neither party offers evidence of the state court findings, such as a copy of the order in the

proceedings.  Defendant references an 'Exhibit A' that purportedly contains the Turnover Order,

but no such exhibit was attached to the document. *See* Adv. Dkt. No. 18, p. 3.  Because it is

difficult for the court to ascertain the specific issues litigated in state court from the parties'

pleadings, and because  Plaintiff is already precluded from relitigating his claims under res

judicata, the court will refrain from deciding whether collateral estoppel applies in this case.

Plaintiff is precluded from relitigating his claims against Defendant by the doctrine of res

judicata.

### 2.   This Court does not have subject matter jurisdiction

Even if the doctrine of res judicata does not bar Counts II and III, the court does not have

subject matter jurisdiction over the claims.  A bankruptcy court only has jurisdiction over "civil

proceedings arising under title 11, or arising in or related to cases under title 11" to the extent

those cases are referred to it by the district court. 28 U.S.C. § 1334, § 157(a).  In accordance with

section 157(a), the District Court for the Northern District of Illinois has referred all of its

bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal

Operating Procedure 15(a).

"A case 'arises under' Title 11 and is within the core jurisdiction of the court when the

cause of action is based on a right or remedy expressly provided in the Bankruptcy Code." *In re*

*Drs. Hosp. of Hyde Park, Inc.*, 308 B.R. 311, 317 (Bankr. N.D. Ill. 2004).  The Seventh Circuit

has articulated a narrow definition of "related to" jurisdiction. *Matter of FedPak Sys.*, Inc., 80

F.3d 207, 213 (7th Cir. 1996).  A case is "related" to the bankruptcy when the underlying dispute

"affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of

property amongst creditors."  *Matter of Mem'l Ests., Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991).

The bankruptcy court must assess whether it has "related to" jurisdiction at the outset of the

dispute, which is satisfied when the dispute's resolution has a potential impact on the estate's

creditors. *Bush v. United States*, 100 F.4th 807, 813 (7th Cir. 2024).  "Merely speculative or

hypothetical affects on the estate's property or allocations of the estate's property are not enough

to invoke 'related to' jurisdiction." *In re Mid-States Express, Inc.*, 433 B.R. 688, 698 (Bankr.

N.D. Ill. 2010).

Two of the causes of action asserted by Plaintiff are facially based on a remedy expressly

set forth in the Bankruptcy Code – objection to a claim pursuant to 11 U.S.C. § 502 (Count I)

and equitable relief pursuant to 11 U.S.C. § 105 (Count IV).  Counts I and IV are technically

core proceedings. However, the allegations are not supported by the facts and legally do not exist

because the allegations are, as discussed above, unripe, moot, and non-justiciable.  Thus, Counts I and IV are dismissed and Plaintiff's primary hook into jurisdiction of this court is eliminated.

Without Counts I and IV, Plaintiff's tortious interference with business relations (Count II) and breach of contract (Count III) claims are state common law claims and are not within the core jurisdiction of the court.  The court may only exercise "related to" jurisdiction over those claims if they impact the value of the debtor's estate or the allocation of property to creditors. *See FedPak*, 80 F.3d at 213-24.  Plaintiff does not clearly describe how any potential recovery from this Adversary Proceeding could affect the value of the estate or the allocation of property to creditors.

When the bankruptcy case was closed, Plaintiff's claims against Defendant were implicitly abandoned by the trustee and ceased to be property of the estate.  Section 554 of the Bankruptcy Code provides three methods by which property of the estate may be abandoned.  First, the trustee may abandon the property after notice and a hear. *See* 11 U.S.C. § 554(a).  Second, the court may order the trustee to abandon the property "on request of a party in interest and after notice and a hearing." 11 U.S.C. § 554(b).  Finally, if the property is scheduled under § 521(a) and not administered by the time the case is closed it is considered abandoned to the debtor. 11 U.S.C. § 554(c); *See also In re Peregrin*, No. 12 A 1464, 2012 WL 5939266 at *4 (Bankr. N.D. Ill. Nov. 28, 2012).

Because the claims against Defendant are no longer property of the estate, and belong exclusively to Plaintiff as the debtor in this case, recovery on those claims will not impact the estate nor affect the distribution to creditors. *See In re Scharp*, 463 B.R. 123, 133 (Bankr. C.D. Ill. 2011) (because the Trustee abandoned the property in a chapter 7 case, the resolution of a

9

dispute regarding the property will have no effect on the administration of the estate.)  The court does not have jurisdiction over Counts II and III.

### 3.   The Amended Complaint fails to state a claim for relief

Defendant's position is correct. Counts II and III are barred by the doctrine of res judicata and this court does not have subject matter jurisdiction.

Alternatively, however, Defendant argues that Plaintiff failed to state claims for tortious interference with business relations and breach of contract because he has not alleged any of the necessary elements. Adv. Dkt. No. 18, p. 12-13.

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012, a complaint must describe the claim in enough detail to give notice to the defendant.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, the complaint must be "plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

### i.   The Amended Complaint fails to state a claim for relief in Count II

There are two types of common law interference torts in Illinois – tortious interference with contractual relations and tortious interference with prospective economic advantage. *Fellhauer v. City of Geneva*, 190 Ill. App. 3d 592, 605 (1989), *overruled on other grounds by Buckner v. Atl. Plant Maint., Inc.*, 182 Ill. 2d 12 (1998).  Based on Plaintiff's assertion that Defendant's actions disrupted his "reasonable expectation of economic advantage," the court will

10

assume that Plaintiff intended to assert a tortious interference with prospective economic advantage claim.

To state a claim for tortious interference with prospective economic advantage, a plaintiff must demonstrate:

> (1) the plaintiff's reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from being fulfilled; and (4) damages to the plaintiff resulting from such interference.

*Int'l Star Registry of Illinois v. ABC Radio Network, Inc.*, 451 F. Supp. 2d 982, 991 (N.D. Ill. 2006). The alleged tortious interference must "be 'directed toward' the third party or parties with whom plaintiff had the business expectancy not simply toward the plaintiff." *Id*. at 992. To prevail, the claimant must also show that the tortfeasor acted with actual malice. *Id*. To prove malice under Illinois law, Plaintiff must show that Defendant "acted with a desire to act with harm, which was unrelated to the interest he was presumably seeking to protect by bringing about the contract breach." *Cap. Options Invs., Inc. v. Goldberg Bros. Commodities*, 958 F.2d 186, 189 (7th Cir. 1992).

Not only has Plaintiff failed to specify the type of interference tort he was asserting, he also failed to allege sufficient facts in support of his claim. Plaintiff does not allege that he had a reasonable expectation of entering into a valid business relationship with a third party nor that Defendant had knowledge of such expectation. In addition, Plaintiff does not explain how Defendant's actions were directed at a third party with whom Plaintiff had a business expectancy. Plaintiff also fails to demonstrate that Defendant acted with malice when it froze his bank account and transferred funds from his account pursuant to the Turnover Order.

Even if Count II was not subject to dismissal because of the doctrine of res judicata or lack of subject matter jurisdiction, the Amended Complaint fails to state a tortious interference with prospective economic advantage cause of action.

### ii.     The Amended Complaint fails to state a claim for relief in Count III

To establish a breach of contract under Illinois law, a plaintiff must show: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) damages." *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 883 (7th Cir. 2022).

Plaintiff argues that the bank account agreement constituted a contractual relationship between himself and Defendant. Adv. Dkt. No. 14, p. 6.  Plaintiff further asserts that Defendant breached that agreement by freezing Plaintiff's bank account pursuant to a personal citation, and that Defendant violated 735 ILCS 5/2-1402 by failing to verify the validity of the citation. *Id*. Meanwhile, Defendant argues that Plaintiff's argument fails because the state court already verified the validity of the citation when it found that the funds in the account were Plaintiff's personal funds under 735 ILCS 5/2-1402. Adv. Dkt. No. 18, p. 14.

It is clear from the Amended Complaint that Plaintiff's allegations under Count III are sparse.  Plaintiff does not assert that he substantially performed on the agreement, nor does he explain what would constitute performance in this case. Adv. Dkt. No. 14, p. 6.  Instead, it appears to the court that Plaintiff's argument hinges on the alleged invalidity of a citation pursuant to a state statute.  Nevertheless, Plaintiff asserts that his claims challenge Defendant's wrongful conduct and "do not challenge the validity of the citation itself." Adv. Dkt. No. 21, p.1. In addition, Plaintiff argues that because "Illinois law strictly limits citation liens to amounts necessary to satisfy the judgment," the "overbroad freeze is separately actionable." Adv. Dkt.

12

No. 21, p.3.  However, Plaintiff does not attach a copy of the citation as an exhibit nor explain the amount subjected to the "overbroad freeze."

Throughout his filings, Plaintiff contradicts himself with every new argument he makes and ultimately fails to articulate a clear argument in support of his claims.  "It is not the court's responsibility to research the law and construct the parties' arguments for them." *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008).  Nor is it appropriate for this court to evaluate the merits of the parties' arguments on a Rule 12(b)(6) motion. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) ("A Rule 12(b)(6) motion tests the sufficiency of the complaint, not its merits.")  Rather, the relevant inquiry is whether Plaintiff pleaded sufficient facts to establish a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court finds that he did not.

Even if Count III was not subject to dismissal because of the doctrine of res judicata or lack of subject matter jurisdiction, the Amended Complaint fails to state a breach of contract cause of action.

For the reasons stated above, the court will grant Defendant's Motion as to Counts II and III.

### III.    CONCLUSION

Defendant's Motion is granted. The Amended Complaint is dismissed.  The court will enter an order consistent with this Memorandum Opinion.

Date:February23,2026

_____
DAVID D. CLEARY
United States Bankruptcy Judge

13